# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARWIN WALTERS, #Y35280, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-00763-JPG |
| OFFICER JERRRY, | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Darwin Walters, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. (Doc. 1). Plaintiff claims he was denied timely and adequate medical care for a broken finger that he sustained at St. Clair County Jail on December 16, 2018. (*Id*. at pp. 8-9). Numerous officers, nurses, and doctors at St. Clair County Jail, Menard Correctional Center, and Shawnee Correctional Center delayed proper treatment for his injury and caused Plaintiff to suffer unnecessarily. (*Id*.). In connection with this claim, Plaintiff seeks monetary relief against a single defendant: Officer Jerry. (*Id*. at p. 7).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

**Discussion**

Based on the allegations summarized above, the Court finds it convenient to designate a single claim in the *pro se* Complaint:

**Count 1:** Defendant denied Plaintiff adequate medical care for a broken finger he sustained at St. Clair County Jail on December 16, 2018.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

The analytical framework for this claim depends on Plaintiff's status as a pretrial detainee or prisoner when his claim against Officer Jerry arose. If he was a pretrial detainee at the time, the Fourteenth Amendment governs his claim for the denial of medical care. *Currie v. Chabra*, 728 F.3d 626, 628-29 (7th Cir. 2013). If he was a convicted person, the Eighth Amendment controls. *Id*. Although Plaintiff provides insufficient information to determine his status, this omission is not fatal to his claim.

However, the Complaint suffers from a more fundamental defect. Plaintiff fails to mention Officer Jerry anywhere in the statement of his claim. (Doc. 1, pp. 8-9). The Court is therefore unable to determine whether any conduct on the part of Officer Jerry supports a claim against him. Section 1983 creates a cause of action based on personal liability and predicated upon fault. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). An individual defendant cannot be liable under Section 1983, unless he or she causes or participates in a constitutional deprivation. *Id*. The allegations must at least suggest that the defendant violated Plaintiff's constitutional rights.

The reason that plaintiffs are required to associate specific defendants with specific claims is so these defendants have notice of the claims against them and so they can properly answer the

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Complaint. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Merely listing a potential defendant's name in the case caption is not enough to state a claim against that person. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Because Plaintiff has done just that, Count 1 shall be dismissed without prejudice for failure to state a claim against Officer Jerry.

The Complaint does not survive preliminary review and shall be dismissed. However, Plaintiff will have an opportunity to re-plead his claim(s) against the defendant(s), if he wishes to proceed with this action. He is bound by the instructions and deadlines set forth in the disposition.

## Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 9) is **DENIED** without prejudice. A district court faced with a request for counsel must consider whether the indigent plaintiff made a reasonable attempt to obtain counsel and, if so, whether the plaintiff appears competent to litigate the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff describes unsuccessful efforts to locate counsel on his own. Even assuming, without deciding, that his efforts were reasonable, the Court is not persuaded that Plaintiff requires court-recruited counsel to assist him. He has some high school education and presents his single, straightforward claim and related requests for relief in coherent, well-drafted pleadings. Plaintiff appears competent to litigate this matter on his own, by re-pleading his claims in an amended complaint, preparing motions, and conducting discovery as the case proceeds. The Court therefore declines to recruit counsel at this time. Plaintiff may renew his request, if counsel becomes necessary as the case proceeds.

## Disposition

**IT IS ORDERED** that the Complaint, including **COUNT 1**, is **DISMISSED** without

prejudice for failure to state a claim for relief against Defendant **OFFICER JERRY**.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **February 12, 2020.** Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

When preparing his First Amended Complaint, Plaintiff is strongly encouraged to use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and list the case number for this action (No. 19-cv-00763-JPG) on the first page. To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of

Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

      **IT IS SO ORDERED**.

      **DATED: 1/15/2020**                      s/J. Phil Gilbert
                                                    **J. PHIL GILBERT**
                                                    **United States District Judge**