IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARWIN WALTERS, #Y35280, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-00763-JPG |
| | ) | |
| OFFICER JERRY, | ) | |
| RICKY WATSON, | ) | |
| JOHN DOE 1, and | ) | |
| JOHN DOE 2, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the Amended Complaint filed by Plaintiff Darwin Walters. (Doc. 13). Plaintiff claims he was denied medical care for a broken finger that he sustained in a slip-and-fall accident at St. Clair County Jail. (Doc. 13, pp. 1-24). He blames the defendants for ignoring dangerous and wet conditions that led to his injury, denying him proper medical care, and mishandling his grievances. (*Id*. at 8-21). Plaintiff seeks monetary relief against Sheriff Watson, Officer Jerry, and two unknown officers. (*Id*. at 21-22).

The Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Plaintiff's Amended Complaint does not survive Section 1915A review. Plaintiff brings his claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 1346, 2671-80. However, the FTCA authorizes "civil actions on claims against the **United States**, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any **employee of the Government** while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1) (emphasis added). In other words, the FTCA provides jurisdiction for suits against the United States for torts committed by federal officials.

Plaintiff's Amended Complaint thus presents three obvious problems. First, Plaintiff did not name the United States as a defendant, and the only proper defendant in an FTCA action is the United States. *See* 28 U.S.C. § 2679(b)(1). *See also Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Stewart v. United States,* 655 F.2d 741, 742 (7th Cir. 1981) ("Plaintiff has no cause of action . . . [under the FTCA] against an employee, her exclusive remedy being an action against the United States."). Second, Plaintiff's suit does not arise from the conduct of federal officials. His claims arise from the conduct of St. Clair County officials. Third, if Plaintiff seeks damages against state actors, he should have filed an Amended Complaint pursuant to 42 U.S.C. § 1983.[1]

The Amended Complaint shall be dismissed without prejudice. Plaintiff shall have one final opportunity to replead his claims in this case. If he chooses to do so, Plaintiff should follow the deadline and instructions in the below disposition. Failure to strictly adhere to the Court's instructions shall result in dismissal of this action with prejudice and the assessment of a strike within the meaning of 28 U.S.C. § 1915(g).

---

[1] Moreover, his claims are governed by the Fourteenth Amendment Due Process Clause, if they arose while he was a pretrial detainee at the Jail. If he was a convicted person when his claims arose, then his claims are governed by the Eighth Amendment.

2

**Disposition**

**IT IS ORDERED** that the Amended Complaint (Doc. 13) is **DISMISSED** without prejudice.  However, Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **June 19, 2020**.  Should Plaintiff fail to file a Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

When preparing his Second Amended Complaint, Plaintiff is strongly encouraged to use the civil rights complaint form designed for use in this District.  He should label the form, "Second Amended Complaint," and list the case number for this action (No. 19-cv-00763-JPG) on the first page.  To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is reminded that an amended complaint generally supersedes and replaces prior complaints, rendering them void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Second Amended Complaint must stand on its own without reference to any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider.  The Second Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a Second Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of

Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED**.

    **DATED: 5/22/2020**                         s/J. Phil Gilbert
                                                      **J. PHIL GILBERT**
                                                      **United States District Judge**