IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DARWIN WALTERS, #Y35280,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-cv-00763-JPG** |
| | ) | |
| **OFFICER JERRY,** | ) | |
| **RICKY WATSON,** | ) | |
| **OFFICER JOHN DOE 1,** | ) | |
| **OFFICER JOHN DOE 2**, | ) | |
| **and DR. JOHN DOE 3,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the Second Amended Complaint filed by Plaintiff Darwin Walters.  (Doc. 16).  Plaintiff claims that St. Clair County Jail staff ignored unsafe conditions in Pod AA showers that led to Plaintiff's broken finger and subsequent denial of medical care.  (*Id*. at 8-13).  Plaintiff seeks monetary relief.  (*Id*. at 14).

The Second Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims.  28 U.S.C. § 1915A(a).  Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Second Amended Complaint

Plaintiff sets forth the following allegations in the Second Amended Complaint (Doc. 16, pp. 8-13): During his detention at St. Clair County Jail in 2018-19, Plaintiff was exposed to unsafe

conditions in the Pod AA showers.  Leaky pipes caused water to pool on the floors and mold to grow in the shower stalls.  This, in turn, caused slippery conditions.  (*Id*.).

Sheriff Watson was responsible for ensuring safe conditions at the Jail.  (*Id*. at 8).  In addition, Plaintiff made verbal and written complaints to staff.  On November 2, 2018, he asked Officer John Doe 1 for cleaning supplies and floor mats.  He also filed weekly grievances and complaints.  All of his complaints were ignored.  (*Id*.).

When Officer Jerry finally passed out cleaning supplies on December 17, 2018, Plaintiff informed him about the dangerous conditions in the shower.  (*Id*. at 9).  Officer Jerry said there was nothing he could do.  Plaintiff and other detainees used the cleaning supplies to mop up the water and clean the area, but Officer Jerry collected the supplies before they finished cleaning.  Soon thereafter, Plaintiff fell on the wet, moldy shower floor and seriously injured his finger.

When Plaintiff reported the injury to Officer John Doe 2, the officer asked, "What do you want me to do about it?"  (*Id*.).  The officer then ignored Plaintiff's request for medical care.  (*Id*. at 9-10).  When a nurse made rounds later that day, she asked Plaintiff about his obvious injury and informed him that no one contacted the infirmary about it.  Plaintiff was sent to the infirmary, where he was given a splint and aspirin and placed on the doctor's call list.  (*Id*. at 10).  He suffered significant pain while waiting for an appointment with a doctor.

On December 20, 2018, Dr. John Doe 3 ordered x-rays of Plaintiff's hand.  (*Id*.).  Two days later on December 22, 2018, Dr. Doe 3 informed Plaintiff that the x-rays revealed a serious fracture requiring urgent treatment with a specialist.  (*Id*. at 11).  Despite this diagnosis, Plaintiff was not sent to a specialist until December 28, 2018.  The specialist placed a cast on his finger and indicated that it would remain in place for five or six weeks.

After only four weeks, the specialist determined that the fracture was healing incorrectly and required surgery.  (*Id*. at 12-13).  Plaintiff underwent surgery, including placement of a pin in his finger, on March 7, 2019.  Follow-up care was recommended, but Plaintiff never received any. Sheriff Watson and Dr. John Doe 3 failed to place Plaintiff on a medical hold, and he transferred into the custody of the Illinois Department of Corrections.  (*Id*.).

Based on the allegations, the Court finds it convenient to designate the following claims in the *pro se* Second Amended Complaint:

> **Count 1:**    Fourteenth and/or Eighth Amendment claim against Sheriff Watson, Officer Jerry, and Officer John Doe 1 for subjecting Plaintiff to unsafe conditions that caused him to fall and fracture his finger in the Pod AA showers on or around December 17, 2018.

> **Count 2:**    Fourteenth and/or Eighth Amendment claim against Officer Jerry, Officer John Doe 2, and Dr. John Doe 3 for denying adequate and timely medical care for Plaintiff's fractured finger and causing him to suffer prolonged and unnecessary pain.

> **Count 3:**    Fourteenth and/or Eighth Amendment claim against Sheriff Watson and Dr. John Doe 3 for failing to place Plaintiff on a medical hold that would have facilitated proper follow-up treatment for his finger injury prior to his transfer into IDOC custody.

> **Count 4:**    Fourteenth Amendment due process claim against Defendants for mishandling, denying, delaying, or disregarding Plaintiff's grievances about the conditions at the Jail and the denial of his medical care in 2018-19.

**Any claim in the Second Amended Complaint that is not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Discussion

The applicable legal standard for Counts 1, 2, and 3 depends on Plaintiff's status as a pretrial detainee or convicted prisoner at the time of the events giving rise to this action.  The

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Eighth Amendment deliberate indifference standard articulated in *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), is applicable if Plaintiff was a convicted prisoner during the relevant time period. *Estelle v. Gamble*, 429 U.S. 97 (1976). The Fourteenth Amendment objective unreasonableness standard articulated in *Miranda v. County f Lake*, 900 F.3d 335 (7th Cir. 2018), governs Plaintiff's claims, if he was a pretrial detainee.

## Count 1

Count 1 survives screening against Officer John Doe 1 under both standards. As a general rule, slip-and-fall accidents arising from wet floors support no constitutional claim. *See e.g., Bell v. Ward*, 88 Fed. Appx. 125, 127 (7th Cir. 2004) (wet floors pose no substantial risk of serious harm). However, the conditions in this case include more than just wet floors. Plaintiff complains of leaky pipes, accumulations of water, and the presence of mold. He also complains about the lack of access to cleaning supplies. This combination of conditions supports a claim for unconstitutional conditions of confinement at this early stage. *See Budd v. Motley*, 711 F.3d 840, 843 (7th Cir. 2013) (unhygienic conditions combined with jail's failure to provide detainees with cleaning supplies state a claim for relief).

Count 1 shall receive further review against Officer John Doe 1. Plaintiff complained about the conditions to Officer Doe 1 in early November 2018. Despite notification of the dangerous conditions, this officer took no action to address the problem. Given this, the Court cannot dismiss Count 1 against Officer Doe 1.

This claim does not survive screening against Officer Jerry. When Plaintiff complained about the conditions on December 17, 2018, Officer Jerry provided Plaintiff and other inmates with cleaning supplies. He also gave them an opportunity to clean the showers. In light of these allegations, the claim shall be dismissed against this officer.

Likewise, Count 1 shall be dismissed against Sheriff Watson.  Although Plaintiff brings this claim against the sheriff because he was responsible for ensuring safe conditions at the Jail, the Second Amended Complaint sets forth no allegations suggesting that he was actually aware of the conditions in the Pod AA showers.  Plaintiff does not allege that he made verbal or written complaints to the sheriff, and Plaintiff cannot bring a claim against the sheriff based solely on his supervisory role at the Jail.  Section 1983 creates a cause of action based on personal liability and predicated upon fault.  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005).  An individual defendant will not be liable unless he or she "caused or participated" in a constitutional deprivation.  *Id*.  The allegations must at least suggest that the sheriff actually deprived Plaintiff of some constitutional right.  Here, the allegations do not suggest that Sheriff Watson even knew about the conditions in the Pod AA showers.  Accordingly, Count 1 shall be dismissed without prejudice against him.

### Count 2

Count 2 shall receive further review against Officer Jerry, Officer John Doe 2, and Dr. John Doe 3, all of whom allegedly delayed Plaintiff's medical treatment despite his obvious injury and complaints of ongoing pain.

### Count 3

Count 3 shall be dismissed against Sheriff Watson and Dr. John Doe 3.  Plaintiff brings this claim against both defendants for failing to place him on a medical hold and allowing him to transfer from the Jail before receiving follow-up care.  He does not allege that these defendants were actually responsible for medical holds or transfers.  The conclusory allegations against them fall short of stating a claim for relief.  Count 3 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Count 4**

Prison grievance procedures are not constitutionally mandated and thus do not implicate the Fourteenth Amendment Due Process Clause per se.  The mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  Given this, Count 4 cannot proceed as an independent claim against the defendants and shall be dismissed with prejudice.

**Identification of Unknown Defendants**

Claims shall be allowed to proceed against four unknown defendants: Officer Jerry, Officer John Doe 1, Officer John Doe 2, and Dr. John Doe 3.  These defendants must be identified with particularity before service of the Second Amended Complaint can be made on them.  Plaintiff will have the opportunity to engage in limited discovery to ascertain their identities.  *Rodriguez*, 577 F.3d at 832.  Sheriff Watson shall remain named as a defendant in this action—but only in his official capacity—for purposes of responding to discovery aimed at identifying the unknown defendants by name.  Once their names are discovered, Plaintiff must file a motion to substitute each newly-identified defendant in place of the generic designations in the caption and Second Amended Complaint.

**Disposition**

**IT IS ORDERED** that the Second Amended Complaint (Doc. 16) survives screening under 28 U.S.C. § 1915A, as follows:

- **COUNT 1** against **OFFICER JOHN DOE 1**; and

- **COUNT 2** against **OFFICER JOHN DOE 2, OFFICER JERRY,** and **DOCTOR JOHN DOE 3**.

**IT IS ORDERED** that the following claims are dismissed for failure to state a claim for relief:

6

- **COUNT 1** against **SHERIFF WATSON** and **OFFICER JERRY** is **DISMISSED** without prejudice;

- **COUNT 3** against **SHERIFF WATSON** and **DR. JOHN DOE 3** is **DISMISSED** without prejudice; and

- **COUNT 4** against **ALL DEFENDANTS** is **DISMISSED** with prejudice.

These claims are **DISMISSED** without prejudice against any defendants who are not named in connection with the claims above.

**IT IS ORDERED** that Defendant **WATSON** shall remain named as a defendant in this action, in his official capacity only, for purposes of responding to discovery aimed at identifying the unknown defendants by name.

**Because this suit addresses one or more medical claims, the Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that as to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendant **SHERIFF WATSON** (official capacity only) and, once identified, **OFFICER JERRY, OFFICER JOHN DOE 1, OFFICER JOHN DOE 2,** and **DOCTOR JOHN DOE 3**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 16), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants Jerry, John Doe 1, John Doe 2, and John Doe 3 need only respond to the issues stated in this Merits Review Order.  Sheriff Watson need only appear in this matter and is not obligated to file an answer.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 10/23/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

8

**<u>Notice</u>**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendant will enter her appearance and file an Answer to your complaint.  It will likely take at least 60 days from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take 90 days or more.  The Court will then enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions.  Motions filed before the defendant's counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.